January 27, 1977

## 77–1    MEMORANDUM OPINION FOR A UNITED STATES ATTORNEY

### Conflict of Interest—Former United States Attorney

This letter is to confirm the opinion expressed in a telephone conversation between this Office and your Office regarding the propriety of the representation of a corporation by a law firm in the case of —————. The question arises because Mr. A, who until recently was a United States Attorney, is now associated with the law firm. The case was pending in the U.S. Attorney's Office at the time of Mr. A's departure.

Mr. A states in his letter to this Office that he has no present recollection of the case, although he assumes that he reviewed the file for purposes of determining its nature and assigning it to an Assistant U.S. Attorney. He also states that he has no recollection of any conversations with the assistant regarding the case. The assistant informed this Office that he, not Mr. A, signed the complaint and that Mr. A did not receive any confidential information regarding it.

On the basis of the facts presented to us, it appears that Mr. A is personally barred by 18 U.S.C. § 207(b), for one year from the date he left the U.S. Attorney's Office, from appearing as agent or attorney in the case because it was under his "official responsibility" (as that term is defined in 18 U.S.C. § 202(b)) during his tenure as U.S. Attorney. But this statutory bar is not imputed to the partners and associates of his firm. It does not appear, however, that Mr. A's participation in the matter was sufficiently substantial to give rise to the permanent bar in 18 U.S.C. § 207(a).

Under Disciplinary Rule 9–101(B) of the American Bar Association (ABA) Code of Professional Responsibility, which we assume is applicable here, see Local Rule 4(f), a lawyer may not accept private employment in a matter in which he had "substantial responsibility" as a public employee. The disqualification is generally imputed to the partners and associates of the former Government lawyer, see ABA Code of Professional Responsibility, DR 5–105(D), although a recent opinion of the ABA Committee on Professional Ethics concludes that

1

this imputed disqualification may be waived by the Government in certain situations if appropriate safeguards are followed. *See* ABA Formal Opinion 342, 62 A.B.A.J. 517. The Department of Justice in general supports an interpretation of the Code of Professional Responsibility that permits the Government to waive the imputed disqualification in appropriate cases. Safeguards adopted by the Department in such cases in the past have included: (1) an undertaking by the firm and by the disqualified attorney that such attorney would have no personal involvement with the matter and would not discuss it within the firm; (2) a reasonable basis for concluding that the undertaking could be observed, considering such factors as the competence of the remaining members of the firm to handle the matter and the size of the firm; (3) a requirement that in general the representation predate the hiring of the disqualified lawyer, so as to eliminate any possible suggestion that the firm was retained because of his presence; (4) and undertaking that the disqualified attorney will not share in any fees generated by the representation; and (5) disclosure to the court or agency before which the matter is pending.

The Department's position is that the questions of Mr. A's personal disqualification under DR 9–101(B) and whether the Government should waive the imputed disqualification of the entire law firm if Mr. A is barred under that provision, are essentially for your Office to determine, in conjunction with the Federal agency involved—or for the court, on a motion to disqualify. However, we offer the following opinion on the matter for your information.

Because Mr. A apparently intends to disqualify himself from personal participation in the case in any event, the applicability of DR 9–101(B) to him is relevant only in deciding either that the Government must grant a formal waiver to permit other members of Mr. A's firm to represent the corporation in the case or, on the other hand, that there is no basis under the Code of Professional Responsibility to object to representation by other members of the firm.

Formal Opinion 342 of the ABA Committee on Professional Ethics, to which Mr. A refers in his letter, takes a rather narrow view of what constitutes the "substantial responsibility" that gives rise to personal disqualification under DR 9–101(B). Under the ABA interpretation, in order to be disqualified under DR 9–101(B), the former Government lawyer must either have been personally involved in the investigative or deliberative processes regarding the matter "to an important, material degree" or have had a "heavy responsibility" for the matter, which suggests that he probably did become so involved. *See* 62 A.B.A.J. at 520. Under this standard, DR 9–101(B) may well be wholly inapplicable here.

However, the Department has taken the position that the term "substantial responsibility" should be given a broader reading, requiring that a Government attorney at the supervisory level be charged with such

2

responsibility for all but the most routine matters under his jurisdiction even if he did not participate personally in them. In our view, this construction of DR 9-101(B) is necessary to avoid the appearance of impropriety in an attorney's representing a private party in a matter in which he previously had the power to affect the Government's position. *See* I. Kaufman, "The Former Government Attorney and the Canons of Professional Ethics," 70 Harv. L. Rev. 657,666 (1957). We believe that the factors to be considered in determining whether from an ethical standpoint a former Government attorney may personally represent a party in a matter that was under his official responsibility, but in which he did not participate personally, include: (1) whether his relationship to the matter was merely formal; (2) whether the subject matter was routine and involved no policy determination or was not otherwise of particular significance; and (3) whether there were intervening levels of responsibility or other indications that the matter was not of a type with which the attorney would or should ordinarily have had personal involvement. *See, generally, Kesselhaut* v. *United States,* (March 29, 1976), slip opinion at 24-29 *rev'd on other grounds* (May 18, 1977); Opinion 889 of the Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York. For example, if Mr. A's apparent assignment of the case to his assistant in effect constituted a determination by him that the complaint should be filed as requested by the Federal agency, this would suggest that Mr. A did have "substantial responsibility" in the case. Indeed, if this were the fact, he would in our view have participated personally and substantially in the case and be barred under 18 U.S.C. § 207(a).

As pointed out above, whether or not Mr. A is personally barred under the Department's construction of DR 9-101(B) is a factual determination for your Office to make in light of the foregoing. If he is, he must forgo any share of the fees in the case as a condition of his firm's handling the case. Of course, such a waiver decision is ultimately for your Office to make as well.

If Mr. A's personal disqualification instead derives from 18 U.S.C. § 207(b) alone, the only restriction on his receiving fees is the prohibition in 18 U.S.C. § 203 against sharing in compensation received by the firm for services rendered by its members before a Government agency (but not a court) in this or other cases during the time that he was U.S. Attorney; there would be no prohibition against Mr. A's sharing in fees for services still to be performed in the case.

LEON ULMAN<br>
*Acting Assistant Attorney General*<br>
*Office of Legal Counsel*